UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tawakal Halal LLC, and<br>Abdifateh Mohamed Omar,<br><br>      Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>      Defendant. | File No. 17-cv-04732 (ECT/TNL)<br><br><br>**OPINION AND ORDER** |

Daniel L. M. Kennedy, Kennedy & Cain PLLC, Minneapolis, MN for Plaintiffs Tawakal Halal LLC and Abdifateh Mohamed Omar.

David W. Fuller, United States Attorney's Office, Minneapolis, MN for Defendant United States of America.

The relevant facts and procedural history of this case may be described briefly. Plaintiff Tawakal Halal LLC is a grocery store in Minneapolis, and Plaintiff Abdifateh Mohamed Omar is its owner. Compl. ¶¶ 1, 2, 7 [ECF No. 1]. In this action, they seek judicial review of a September 2017 final decision of the United States Department of Agriculture disqualifying Tawakal Halal permanently from participating as an authorized retailer in the Supplemental Nutrition Assistance Program, or "SNAP." *Id.* ¶ 5; *see id.* Ex. 1 at 1–15 (Final Agency Decision) [ECF No. 1-1].[1] Federal law authorizes a store

---

[1] No reason has been identified explaining why Omar is a Party to this case. The challenged administrative action was taken against only Tawakal Halal, Compl. Ex. 1 at 2 (Final Agency Decision) [ECF No. 1-1], and no adverse action against Omar has been alleged.

aggrieved by a final agency decision disqualifying it from SNAP to "obtain judicial review thereof." 7 U.S.C. § 2023(a)(13). But circumstances here have changed since Plaintiffs commenced this action. The Department of Agriculture vacated its disqualification decision in March 2019. Fuller Decl. Ex. A [ECF No. 53-1]. Contending that the agency's vacatur of the disqualification decision renders Plaintiffs' claim moot, the United States has moved to dismiss this case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). ECF No. 49. The motion will be granted because the vacatur of the disqualification decision gives Plaintiffs all of the relief they could have obtained in this case regarding the validity of the disqualification decision, and there is no reasonable basis to expect that the Department of Agriculture might reinstate its now-vacated disqualification decision.

The law governing consideration of the United States' motion is settled. Start with the standard of review. The United States has introduced matter outside the pleadings—evidence of the Department of Agriculture's decision to vacate its disqualification decision—making its attack on subject-matter jurisdiction "factual." *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015). The factual nature of the United States' attack enables the Court to resolve disputed facts, applying no presumption of truth to the non-moving party's allegations or evidence (or, for that matter, to the moving party's evidence). *Id.* at 914–15; *Osborn v. United States*, 918 F.2d 724, 729–30 & n.6 (8th Cir. 1990). With respect to the substantive standards, the United States Constitution limits the subject-matter jurisdiction of federal courts to ongoing cases and controversies. *See* U.S. Const. art. III, § 2, cl. 1. "[A]n actual [case or] controversy must exist not only at the time

the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (citations and internal quotation marks omitted). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (alteration in original) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). If an action is moot because it no longer satisfies the case-or-controversy requirement, a federal court "ha[s] no discretion and must dismiss the action for lack of jurisdiction." *Ali*, 419 F.3d at 724 (citing *Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969)). There are four exceptions, however. If any of the following exceptions apply, a court should not dismiss an action as moot:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Abdiwali M. A. v. Sec'y Homeland Sec.*, No. 18-cv-2793 (DWF/TNL), 2019 WL 2107914, at *3 (D. Minn. Apr. 17, 2019) (citation omitted), *R&R adopted*, 2019 WL 2108659 (D. Minn. May 14, 2019).

Here, there is no present controversy regarding Tawakal Halal's authority to participate as an authorized retailer in SNAP, and Plaintiffs' claims are moot. The statute authorizing Plaintiffs to bring this case, 7 U.S.C. § 2023(a)(13), permits a store aggrieved by a final determination to pursue judicial review "requesting the court to set aside such determination." The statute precludes the agency's liability "for the value of any sales lost

during the disqualification period." 7 U.S.C. § 2023(a)(18). Consistent with this regime, Plaintiffs in their complaint did not request monetary relief but requested only that the disqualification decision be "set aside" or, alternatively, that a civil monetary penalty be imposed "in lieu of permanent disqualification." Compl. at 11. The Department of Agriculture's vacatur of its disqualification decision gives Plaintiffs the very relief they sought by filing this action. With respect to their § 2023(a)(13) claim, it is not possible for the Court to grant Plaintiffs greater relief than they have obtained already.

Relying on the voluntary-cessation rule, Plaintiffs argue that "the possibility that the USDA brings further charges of trafficking against Plaintiffs remains high." Mem. in Opp'n at 3 [ECF No. 56]. And Plaintiffs point out that "[t]here is no settlement agreement in place that would limit the ability of the USDA to again disqualify the Plaintiffs based on the same allegations that were made originally." *Id.* at 2. These assertions do not show that Plaintiffs' claims in this case are not moot. Plaintiffs' hypothesized future trafficking charges are unsupported and "too remote to establish an ongoing case or controversy." *Ayyoubi v. Holder*, 712 F.3d 387, 391 (8th Cir. 2013). And any future agency action would be premised on a different record. *See Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) ("[W]hile it is certainly possible for the government to again detain Kargbo illegally, that detention would be illegal for different factual and legal reasons than the detentions challenged by Kargbo in his habeas petitions. It is now impossible for the government to repeat the *same* unlawful conduct that Kargbo challenged, and thus this case does not fall into the voluntary-cessation exception to the mootness doctrine."). Plaintiffs do not suggest that there is any realistic possibility the

4

agency will rescind its decision reinstating Tawakal Halal's participation in SNAP (or "vacate the vacatur"), and the United States avers there is none. Reply Mem. at 2 [ECF No. 57] ("Thus, no basis currently exists for USDA to disqualify the store, and to that extent the reinstatement decision is permanent.").

At the hearing on this motion, Plaintiffs pointed out that they would be seeking attorneys' fees under the Equal Access to Justice Act. But this does not mean Plaintiffs' claim remains live for purposes of Article III. "An interest in attorney's fees is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) (cleaned up).

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant's motion to dismiss [ECF No. 49] is **GRANTED**; and

2. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: July 24, 2019    s/ Eric C. Tostrud
                                                          Eric C. Tostrud
                                                          United States District Court