UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tawakal Halal LLC and
Abdifateh Mohamed Omar,

File No. 17-cv-4732 (ECT/TNL)

Plaintiffs,

v.

**OPINION AND ORDER**

United States of America,

Defendant.

Daniel L. M. Kennedy, Kennedy & Cain PLLC, Minneapolis, MN, for Plaintiffs Tawakal Halal LLC and Abdifateh Mohamed Omar.

David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Defendant United States of America.

Plaintiff Tawakal Halal LLC is a grocery store in Minneapolis, and Plaintiff Abdifateh Mohamed Omar is its owner. Plaintiffs commenced this action in October 2017, seeking judicial review of a final decision by the United States Department of Agriculture disqualifying Tawakal Halal permanently from participating as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP"). Compl. [ECF No. 1]; *see id.* Ex. 1 at 1–15 (Final Agency Decision) [ECF No. 1-1]. In March 2019, the Department of Agriculture vacated its disqualification decision, and Defendant moved to dismiss this case for lack of subject-matter jurisdiction, contending that the agency's vacatur rendered Plaintiffs' claim moot. *See* Kennedy Decl., Ex. C [ECF No. 63 at 20]; Mot. to Dismiss [ECF No. 49]. Defendant's motion was granted because Plaintiffs received "all of the relief

they could have obtained in this case regarding the validity of the disqualification decision" and there was "no reasonable basis to expect that the Department of Agriculture might reinstate its now-vacated disqualification decision." Order Granting Mot. to Dismiss at 2, 5 [ECF No. 59]. Plaintiffs now move for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.SC. § 2412. Mot. for Att'y Fees [ECF No. 61]. Plaintiffs' motion will be denied because Plaintiffs are not prevailing parties within the meaning of the EAJA and, therefore, may not be awarded attorney's fees or costs under the statute.

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see also* 28 U.S.C. § 2412(a)(1) (providing for a judgment for costs to "the prevailing party"). A plaintiff seeking fees and costs under the EAJA bears the initial burden to establish that he or she was a "prevailing party." *Huett v. Bowen,* 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam). "Once a [plaintiff] establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position." *Id.*; *Bah v. Cangemi,* 548 F.3d 680, 684 (8th Cir. 2008).

The Parties dispute whether Plaintiffs are prevailing parties within the meaning of the EAJA. The EAJA does not define "prevailing party." Nonetheless, "Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the [Supreme] Court's approach to interpret the term in a consistent manner." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016); *Truax v. Bowen*, 842 F.2d 995, 997 n.2 (8th Cir. 1988) ("It is clear from the legislative history of the EAJA that the interpretation of 'prevailing party' is to be consistent with the law developed under other fee-shifting statutes."). A plaintiff must "receive at least some relief on the merits of his claim before he can be said to prevail." *Buckhannon Bd. and Care Home, Inc. v. West Va. Dept. of Health and Human Resources*, 532 U.S. 598, 603 (2001) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)). The "touchstone of the prevailing party inquiry," *Texas State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989), is whether the relief "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff," *Advantage Media, LLC v. City of Hopkins*, 511 F.3d 833, 836 (8th Cir. 2008) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). This alteration must be marked by "judicial *imprimatur*[.]" *Buckhannon*, 532 U.S. at 605.

Plaintiffs argue that they are prevailing parties entitled to attorney's fees and costs under the EAJA because they "achieved through litigation the relief they sought in the lawsuit," *i.e.*, reinstatement of Tawakal Halal as an authorized SNAP vendor by the Department of Agriculture. Mem. in Supp. at 1, 11 [ECF No. 62]. The Government counters that Plaintiffs are not prevailing parties because the Department of Agriculture's

decision to vacate Tawakal Halal's disqualification was not a court-ordered action and Plaintiffs did not receive any judicially-sanctioned relief. Mem. in Opp'n at 2 [ECF No. 70]. The Government contends that Plaintiffs, in essence, invoke a "catalyst theory" of recovery expressly rejected by the Supreme Court in *Buckhannon*. *Id.* at 3.

Prior to *Buckhannon*, most circuit courts of appeals recognized a "catalyst theory" of recovery for plaintiffs seeking attorney's fees. *Buckhannon*, 532 U.S. at 601–02. A plaintiff was deemed to have prevailed under the catalyst theory "if it achieve[d] the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id.* at 601. In *Buckhannon*, the Supreme Court rejected this theory, reasoning that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605 (affirming denial of attorney's fees under ADA and FHAA where case was dismissed as moot after legislature eliminated requirement challenged by plaintiffs). The Court further stated that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id.* at 604 (quoting *Garland*, 489 U.S. at 792–93); *see also N. Cheyenne Tribe v. Jackson*, 433 F.3d 1083, 1085 n.2 (8th Cir. 2006) (explaining that the Eighth Circuit has not construed *Buckhannon* to limit prevailing party status to those who obtain consent decrees and judgments on the merits or to foreclose the possibility that other court-ordered action may result in the requisite change in the parties' legal relationship).

Though the Eighth Circuit has not recognized explicitly that a plaintiff seeking attorney's fees and costs under the EAJA may not receive an award under a catalyst theory, it has stated that "*Buckhannon* applies broadly to fee-shifting statutes that employ the 'prevailing party' language." *Cody v. Hillard*, 304 F.3d 767, 773 n.3 (8th Cir. 2002); *see, e.g.*, *Doe v. Nixon*, 716 F.3d 1041, 1048–51 (8th Cir. 2013) (applying *Buckhannon* to 42 U.S.C. § 1988 and concluding "judicial pronouncement without judicial relief" and dismissal on mootness grounds as requested by defendants did not confer prevailing party status); *Sierra Club v. City of Little Rock,* 351 F.3d 840, 845–46 (8th Cir. 2003) (applying *Buckhannon* to Clean Water Act's attorney-fee provision, 33 U.S.C. § 1365(d), and concluding declaratory judgment was not relief that materially altered parties' legal relationship and did not prompt defendant's sewer rate increase that had been sought by plaintiffs); *N. Cheyenne Tribe*, 433 F.3d at 1085–1087 (applying *Buckhannon* to attorney-fee award in RLUIPA and RFRA action and concluding that preliminary injunction granting only interim relief that preserved the status quo did not confer prevailing party status and desired result was instead achieved because of regulatory action taken by HUD and voluntary decisions by other defendants). Moreover, district courts in the Eighth Circuit have applied *Buckhannon*'s judicial-imprimatur requirement in cases in which plaintiffs have sought attorney's fees and costs under the EAJA. *See, e.g.*, *Tyler v. Salazar*, Civ. No. 10-1161 (JNE/LIB), 2012 WL 3113866, at *3–4 (D. Minn. June 27, 2012), *report and recommendation adopted*, 2012 WL 3113186 (D. Minn. July 31, 2012), *aff'd*, 504 Fed. App'x 538 (8th Cir. 2013) (concluding plaintiffs were not prevailing parties under the EAJA based on their voluntary dismissal of case following defendants' "independent,

5

voluntary action" to remove gray wolf from protected status); *Beza v. Dep't of Homeland Sec.*, No. 4:08CV02909 JLH, 2009 WL 385754, at *3–4 (E.D. Ark. Feb. 13, 2009) (finding plaintiff was not prevailing party because USCIS voluntarily reconsidered and approved naturalization application and plaintiff obtained no relief resulting from court order).

In view of these authorities, *Buckhannon* will be applied here, and it compels the conclusion that the relief obtained by Plaintiffs lacks the necessary judicial imprimatur to confer prevailing party status. Plaintiffs assert that the relief they obtained through the Department of Agriculture's vacatur of its disqualification decision was judicially sanctioned by this Court's July 24, 2019 order, but Plaintiffs "are not entitled to prevailing party status simply because the voluntary change in conduct is recognized in an order of dismissal." *Doe*, 716 F.3d at 1050; *see also Rogers Grp., Inc. v. City of Fayetteville*, 683 F.3d 903, 910 (8th Cir. 2012) ("[A] claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief." (quotation and citation omitted)). The July 2019 order dismissing Plaintiffs' case as moot recognized that Plaintiffs accomplished what they sought to achieve through their lawsuit as a result of the Department of Agriculture's decision, but the change in the Parties' legal relationship brought about by that decision was not the result of a judgment on the merits, a court-ordered consent decree, or any other judicially-sanctioned action. In fact, as Plaintiffs acknowledge, the case was dismissed because Plaintiffs had already received "all of the relief they could have obtained in this case regarding the validity of the disqualification decision." Order Granting Mot. to Dismiss at 2; Mem. in Supp. at 11.

Plaintiffs argue that this case is distinguishable from *Buckhannon* because the Department of Agriculture's decision to reinstate Tawakal Halal was specific to Plaintiffs' case and not driven by an intervening change in law or policy. Reply Mem. at 2–4. They assert that a determination that they are not prevailing parties because the Department of Agriculture vacated its decision before the Court could grant relief would "undermine[] the purpose of the EAJA and would allow the Government to escape liability for attorney fees" by unilaterally mooting the case prior to any judicial action. Mem. in Supp. at 12. But *Buckhannon*'s rejection of the catalyst theory cannot be read so narrowly. Relief obtained by a plaintiff must be judicially-sanctioned in order for a plaintiff to prevail, and a defendant's voluntary change in conduct is insufficient to satisfy the judicial-imprimatur requirement, regardless of what prompts that voluntary change. *See Rogers Grp.*, 683 F.3d at 911 ("If the [defendant] had acted to moot this case through voluntary cessation before there was a judicially sanctioned change in the legal relationship of the parties, [the plaintiff] would not have been a 'prevailing party.'"); *see also Beza*, 2009 WL 385754, at *3–4.

Plaintiffs also point to two other cases in which halal stores and the Department of Agriculture reached settlement agreements that expressly provided the Department of Agriculture would pay the plaintiffs' attorneys' fees pursuant to the EAJA as evidence that they are entitled to attorney's fees. Mem. in Supp. at 3; Reply Mem. at 4. Plaintiffs are correct that, in some instances, settlement agreements may serve as a basis for a fee award. *See Buckhannon*, 532 U.S. at 604, 604 n.7 ("Settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees," but "[p]rivate

7

settlements do not entail the judicial approval and oversight involved in consent decrees."). The record in this case does not indicate whether the settlements in those cases were enforced through consent decrees or otherwise judicially-sanctioned but, regardless, there was no such settlement in this case.

Plaintiffs further contend that the meaning of the term "prevailing party" in the EAJA should be interpreted consistently with the definition of the term incorporated into the Freedom of Information Act ("FOIA") by the OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524. Reply Mem. at 4–5. But the FOIA definition is materially different. It states, in part, that "a complainant has substantially prevailed if the complainant has obtained relief through . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(II). The Eighth Circuit has recognized that, but for the passage of the OPEN Government Act, *Buckhannon* would compel the court to reject the catalyst theory as applied to FOIA's attorney's-fee provision, *see Zarcon, Inc. v. NLRB*, 578 F.3d 892, 895 (8th Cir. 2009), and it has subsequently continued to apply *Buckhannon* in its consideration of other fee-shifting provisions. *See, e.g.*, *Doe*, 716 F.3d at 1048–51. Consequently, the definition in FOIA's fee-shifting provision does not compel the conclusion that Plaintiffs have prevailed in this case.

In light of the conclusion that Plaintiffs are not prevailing parties, whether the Government's position was substantially justified and the reasonableness of Plaintiffs' requested amount of attorney's fees need not be considered.

**ORDER**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiffs' Motion for Attorney Fees [ECF No. 61] is **DENIED**.

Dated: November 22, 2019　　　　　　　s/ Eric C. Tostrud
　　　　　　　　　　　　　　　　　　Eric C. Tostrud
　　　　　　　　　　　　　　　　　　United States District Court